IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS D. ALSTON, | § | |
| | § | |
| Plaintiff Below, | § | No. 158, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CHRISTIANA HOSPITAL, | § | C.A. No. N16C-03-028 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: August 5, 2016
Decided: September 30, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 30th day of September 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Thomas D. Alston, appeals the Superior Court's order dismissing his complaint. We find no merit to Alston's appeal and affirm the Superior Court's judgment.

(2) The record reflects that, on January 4, 2016, Alston filed a complaint against Christiana Care Health Services, Inc. ("CCHS"), incorrectly identified as Christiana Hospital in the complaint, in the Superior Court. The complaint was titled "Personal Injury Complaint," alleged that Alston was arrested for Attempted Rape in the Second Degree on January 7, 2014, and alleged that Alston was

pursuing negligence against CCHS and a faulty video system. In the Civil Case Information Statement, Alston identified the case type as defamation.

(3) On initial review of the complaint under 10 *Del. C.* § 8803(b),[1] the Superior Court dismissed the complaint. The Superior Court found the complaint factually frivolous, legally frivolous, did not entitle Alston to relief, and raised issues that should have been raised in Alston's motion to withdraw his guilty plea or motion for postconviction relief in his criminal case, Criminal ID No. 1401002421. This appeal followed.

(4) On appeal, Alston provides more details concerning his claims, which appear to involve a sexual assault at a hospital, and argues that the Superior Court should not have dismissed the complaint because he would not have been convicted of sexual assault if CCHS had clear video of the incident at the hospital. CCHS argues that Alston failed to state a claim for negligence or defamation. Having carefully considered the parties' positions on appeal, we conclude that the Superior Court did not err in dismissing the complaint.

(5) To the extent Alston sued CCHS for negligence, the complaint utterly failed to plead the elements of a negligence claim (duty, breach of duty, causation,

---

[1] Section 8803(b) permits the reviewing court, after granting a motion to proceed *in forma pauperis*, to summarily dismiss an indigent plaintiff's complaint if the claims are factually or legally frivolous or malicious.

and injury).[2]  To the extent Alston sued CCHS for defamation, the complaint utterly failed to plead the elements of a defamation claim (a defamatory communication referring to the plaintiff, publication, the third party's understanding of the communication's defamatory character, and injury).[3]  As the Superior Court found, Alston asserts claims regarding the existence of an exculpatory video that belonged in a motion to withdraw his guilty plea under Superior Court Criminal Rule 32(d) or a motion for postconviction relief under Superior Court Criminal Rule 61 in his criminal case, not a negligence case against CCHS.  The Superior Court did not err in finding the complaint factually frivolous, legally frivolous, and not entitling Alston to relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).
[3] *Bloss v. Kershner*, 2000 WL 303342, at *6 (Del. Super. Ct. Mar. 9, 2000) *aff'd*, 2001 WL 1692160 (Del. Dec. 21, 2001).